**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | |
|---|---|
| OSCAR RODRIGUEZ,            ) | |
|              Plaintiff,    ) | |
| vs.                                                ) | Case No. 2:14-cv-00157-WTL-MJD |
| UNITED STATES OF AMERICA,  ) | |
|              Defendant.   ) | |

**Entry Granting Defendant's Motion for Summary Judgment**
**and Directing Entry of Final Judgment**

For the reasons explained in this Entry, the defendant's motion for summary judgment [dkt. 24] is **granted.**

## I. Background

The plaintiff in this action is Oscar Rodriguez ("Mr. Rodriguez"), an inmate who at all relevant times was in custody at the Federal Correctional Complex in Terre Haute, Indiana ("FCC-TH"). Mr. Rodriguez brings this claim against the United States pursuant to the Federal Tort Claims Act (the "FTCA"), alleging that the defendant's negligent treatment for his complaints of abdominal pain at the FCC-TH ultimately led to the removal of his gall bladder. *See* 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, *et seq*.

The United States seeks resolution of Mr. Rodriguez' claim through the entry of summary judgment. Mr. Rodriguez has not opposed the motion for summary judgment.

## II.  Summary Judgment Standard

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007).

As noted, Mr. Rodriguez has not opposed the motion for summary judgment. The consequence of his failure to do so is that he has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## III. Discussion

### A. Undisputed Facts

On the basis of the pleadings and the portions of the expanded record that comply with the requirements of Rule 56(c)(1), construed in a manner most favorable to Mr. Rodriguez as the non-moving party, the following facts are undisputed for purposes of the motion for summary judgment:

Mr. Rodriguez was housed at FCC-TH from August 4, 2010, through March 5, 2014. He was released from federal custody on December 2, 2014.

FCC-TH, being a Care Level III facility, commonly utilizes community resources for specialty and other medical services. Numerous inmates, including Mr. Rodriguez, are sent to outside medical facilities, offices, and hospitals for medical treatment and continuity of care. Employees of these outside medical facilities are not employees of the United States or the Bureau of Prisons, and the medical care providers at the outside facilities provide care and treatment to federal inmates on a contract basis.

On July 31, 2011, Mr. Rodriguez presented to a nurse practitioner complaining of abdominal pain, nausea, and vomiting. The physical examination established a normal temperature, warm and dry skin, no tenderness in abdomen/soft, and no guarding or rigidity upon palpation. The medical assessment was that Mr. Rodriguez experienced an incident of heartburn and Phenergan and Maalox were dispensed.

On August 2, 2011, Mr. Rodriguez reported sharp pain to sick call, and was scheduled for an appointment with a Physician's Assistant (Mid-level Provider ["MLP"]) on August 5, 2011.

On August 4, 2011, Mr. Rodriguez was awakened from sleep needing to use the restroom, fell, and urinated on himself. Paramedics were called to his housing unit. He was taken to Health

Services in a wheelchair, complaining of abdominal pain he rated as 8 on a 1-10 scale. Health Services noted a slightly elevated temperature, active bowel sounds, skin warm and dry, white blood cell count of 5600, and a soft abdomen with some tenderness upon palpation of the right upper quadrant. The paramedic consulted with a physician, and a GI "cocktail" was ordered to be followed by a Zantac starter pak. Mr. Rodriguez was told to report to sick call the next morning to allow the MLP to further evaluate his condition.

On August 5, 2011, Mr. Rodriguez reported to Health Services to follow his continued abdominal condition, reporting nausea, abdominal pain and epigastric pain in his upper right quadrant. Mr. Rodriguez appeared in pain, had normal bowel sounds, jaundiced appearance, guarded appearance of the abdomen upon palpation, exhibiting tenderness upon light and deep palpation. Mr. Rodriguez was assessed with a likely acute gallbladder (non-emergent), and a referral to a hospital for treatment was ordered.

Mr. Rodriguez was transferred to Union Hospital, Terre Haute, Indiana, for evaluation and treatment because his condition would likely require an endoscopic retrograde cholangiopancreatography ("ERCP"). An ERCP is a medical procedure that allows the doctor to look at the bile ducts with the use of an endoscope.

Because Mr. Rodriguez was non-emergent and Union Hospital personnel were not equipped to perform the ERCP procedure, Mr. Rodriguez was transferred to Wishard Hospital, Indianapolis, Indiana for further evaluation and treatment. Mr. Rodriguez was admitted to Wishard Hospital on August 5, 2011, and physicians at Wishard Hospital evaluated and treated his condition which was diagnosed upon discharge as Cholelithiasis, commonly referred to as gallstone disease. An ERCP was performed on August 8, 2011, and surgery was recommended. A laproscopic cholecystectomy (removal of the gallbladder) was performed on August 9, 2011, by

Wishard Hospital medical personnel. Mr. Rodriguez continued his clinical improvement and was discharged back to FCC-TH on August 11, 2011, for post-surgery treatment and monitoring and for follow-up care.

Mr. Rodriguez' gallbladder disease (cholelithiasis) and the treatment that was required following its acute presentation were not caused by any acts or omissions by the defendant's employees. His symptoms were of a mildly progressing abdominal issue that required additional testing best performed in a hospital setting. No hospitalization was required until his symptoms were verifiable with palpable abdominal pain and the appearance of jaundice. Very little post-surgical care was required because the incidence of pancreatitis was minimal, and the ERCP and cholecystectomy resolved the underlying reasons for his mild pancreatitis. The pre- and post-surgery care provided at the FCC-TH was within the standard of care in this case.

### B. Legal Standards

Pursuant to the FTCA, "federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials." *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). State tort law of the state where the tort occurred, in this case Indiana, applies when determining "whether the duty was breached and whether the breach was the proximate cause of the plaintiff's injuries." *Parrott v. United States,* 536 F.3d 629, 637 (7th Cir. 2008). To prevail in a medical malpractice action under Indiana law, "the plaintiff must prove three elements: (1) a duty on the part of the defendant in relation to the plaintiff; (2) failure to conform his conduct to the requisite standard of care required by the relationship; and (3) an injury to the plaintiff resulting from that failure." *Whitfield v. Wren,* 14 N.E.3d 792, 797 (Ind. Ct. App. 2014) (internal quotation omitted). "[T]he standard of care for doctors practicing in prisons is the same as the standard of care for physicians practicing outside of prison." *Allen v. Hinchman,* 20 N.E.3d 863,

870 (Ind. Ct. App. 2014). "Summary judgment is appropriate in a negligence action where [the] defendant demonstrates that the undisputed material facts negate at least one element of plaintiff's claim." *Halterman v. Adams County Bd. of Comm'rs,* 991 N.E.2d 987, 990 (Ind.Ct.App. 2013) (internal quotations omitted).

### C. Analysis

Mr. Rodriguez alleges that from July 31, 2011, through August 5, 2011, the United States through its agents and employees was negligent in failing to properly diagnose his gall bladder condition resulting in an emergency removal of his gall bladder. He alleges that he suffered the removal of his gall bladder, confinement to a hospital bed for more than seven days, great pain, and undue suffering as a result of the United States' negligence.

There is no dispute that the United States (BOP employees) owed a duty of care to Mr. Rodriguez, as set out generally at 18 U.S.C. § 4042(a)(2) ("The Bureau of Prisons..shall provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons … convicted of offenses against the United States…"). The United States argues that it did not breach any duty of care and Mr. Rodriguez cannot establish causation.

Mr. Rodriguez has not responded to the motion for summary judgment, so the Court must accept as true all material facts presented and supported by admissible evidence by the United States. Mr. Rodriguez has presented no evidence showing that the United States' medical personnel caused the removal of his gall bladder. The undisputed record demonstrates that the evaluation and treatment of Mr. Rodriguez' pre-referral/pre-hospitalization treatment performed by the employees of the United States, its nursing staff, physician assistants, and physicians at FCC-TH from July 31, 2011, through the referral to Union Hospital on August 5, 2011, was, within

a reasonable degree of medical certainty, reasonable, prudent, and consistent with the standard of care required for the monitoring and diagnosis of non-emergent abdominal pain.

Mr. Rodriguez' pre-hospitalization medical treatment received from medical staff at FCC-TH was reasonable because he had only one episode of instability, mild to no temperature elevations, and a normal white blood count. His symptoms were monitored at FCC-TH and they developed to the point where he was jaundiced and had palpable abdominal pain. Mr. Rodriguez was then in the hospital for four days under observation and testing before it was determined that the removal of his gall bladder was required. There is no evidence of negligence on the part of the United States.

Because the United States has negated the second element of a negligence claim--breach of duty--summary judgment is appropriate. *See Henderson v. Reid Hosp. and Healthcare Services,* 17 N.E.3d 311, 315 (Ind. Ct. App. 2014). The Court need not discuss the remaining element of causation under these circumstances.

In sum, the United States is entitled to summary judgment in its favor.

### III.  Conclusion

Mr. Rodriguez has not identified a genuine issue of material fact as to his claim that the United States was negligent. In addition, the United States has negated one of the elements of Mr. Rodriguez' claim. Therefore, the United States' unopposed motion for summary judgment [dkt. 24] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T. Lawrence_

Date:  12/23/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Oscar Rodriguez, 524 North 10th Street, Manitowoc, WI 54220

Electronically registered counsel